**WU QIAN HUANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 02–4723–ag(L), 03–40273–ag(Con).

United States Court of Appeals, Second Circuit.

May 19, 2006.

58

Theodore N. Cox, New York, New York, for Petitioner.

Steve R. Matheny, Assistant United States Attorney (Frank D. Whitney, United States Attorney and Anne M. Hayes, Assistant United States Attorney on the brief), Raleigh, North Carolina, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of the consolidated petitions for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Wu Qian Huang a native and citizen of China, petitions for review of an October 8, 2002, BIA decision affirming Immigration Judge ("IJ") Paul Defonzo's denial of asylum and withholding of removal. Huang also petitions for review of a June 25, 2003, decision denying his motion to reopen removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

██ In the instant case, Huang claimed in both his written application for asylum and in his direct testimony, that his persecution claim was based on the forced sterilization of his wife in 1992. On cross-examination, however, Huang, for the first time, stated that his wife had been forced to have an abortion in 1991. When the IJ asked Huang why he failed to bring this significant event to the attention of his attorney, Huang claimed that, because he lacked documentary evidence of the abortion, he was afraid that he would not be

believed if he mentioned it. The IJ found this explanation "hollow" and "unsatisfactory." Because Huang's explanation would not compel any reasonable fact-finder to credit Huang's testimony, the IJ was entitled to reject it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). And while the inconsistency in the record regarding the date of Huang's wife's sterilization was minor and perhaps immaterial, the IJ explicitly disavowed reliance on that inconsistency in reaching his determination that Huang was not credible. As a result, substantial evidence supports the IJ's determination that Huang was not credible.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). Huang argues that the BIA abused its discretion in denying his motion to reopen because it failed to credit the evidence he submitted with his motion, including: (1) an affidavit from his wife; (2) his affidavit explaining why he failed to voluntarily mention his wife's abortion at the hearing; and (3) an affidavit from Dr. John Aird.

■ The BIA did not abuse its discretion in denying Huang's motion to reopen, as he failed to establish that the evidence he presented to the BIA was not available or could not have been discovered or presented at his hearing before the IJ. *See 8 C.F.R. § 1003.2(c)(1).* Huang and his wife's affidavits do not qualify as previously unavailable evidence. Any explanation of the events surrounding the alleged persecution of Huang and his wife contained in their affidavits could have been presented to the IJ at Huang's asylum hearing. Nor does the Aird affidavit provide previously unavailable evidence. Although dated December 6, 2002, the affidavit does not discuss any events that took place after July of 2002, several months before Huang's asylum hearing. Moreover, that affidavit was not prepared specifically for Huang and offered no information about

Huang's particular circumstances. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274–75 (2d Cir.2006). Thus the BIA did not abuse its discretion in concluding that the Aird affidavit failed to offer evidence that could not have been presented at Huang's hearing before the IJ and consequently denying Huang's motion to reopen.

For the foregoing reasons, the consolidated petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).